UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **LARRY KERMIT TAYLOR,** )<br>)<br>*Plaintiff*; )<br>)<br>*v.* )<br>)<br>**CAROLYN W. COLVIN, COMMISSIONER** )<br>**OF SOCIAL SECURITY,** )<br>)<br>*Defendant*. ) | No. _____ |

## COMPLAINT

1. The Plaintiff, Larry Kermit Taylor (SSN \*\*\*-\*\*-2970), brings this claim to challenge Social Security's decision to take away his Social Security Disability benefits based on extrarecord allegations of fraud by attorney Eric Conn and a doctor whose report he submitted.

### JURISDICTION AND VENUE

2. The Plaintiff is a resident of Big Rock, Buchanan County, Virginia.

3. Jurisdiction is conferred upon the Court by 42 U.S.C § 405(g) and 28 U.S.C. § 1331 & 1346.

4. Venue is proper in this Court under 28 U.S.C. § 1391.

### PARTIES

5. The Plaintiff is a natural person residing at Big Rock, Virginia (Buchanan County).

6. The Defendant is the (Acting) Commissioner of the Social Security Administration.

### STATEMENT OF FACTS

7. The Plaintiff filed a claim for a period of disability and disability insurance benefits under

Title II of the Social Security Act (i.e., Social Security disability and Supplemental Security Income benefits). Administrative Law Judge David B. Daugherty approved Plaintiff's application via a February 2, 2011 decision finding that Plaintiff has been disabled as defined by the Social Security Act since June 23, 2010.

8. As part of Plaintiff's application for benefits, neither the Plaintiff nor any of his agents, attorneys, or witnesses made a statement that was false or a misrepresentation (including failing to disclose anything) concerning anything material to his rights under the Social Security Act. To the degree that, with the benefit of hindsight and further review, something was incorrect or incomplete, this mistake was not done knowingly or with intent to defraud.[1]

9. On or about May 18, 2015, Defendant's Appeals Council notified the Plaintiff that the Defendant's Office of Inspector General notified the Social Security Administration that "there was reason to believe fraud or similar fault was involved" in Plaintiff's application. The notice provided very little information about the allegations, but suggested that there was something improper about medical evidence from four doctors (including Dr. Srinivas Ammisetty who wrote a report for Plaintiff's claim) when attorney Eric C. Conn, a then-prominent Social Security lawyer in Eastern Kentucky who represented the Plaintiff, submitted such evidence.

10. There was no finding of fraud or similar fault (or even that there was reason to believe such might exist) concerning Plaintiff's application made in any proceeding of which the Plaintiff had notice or knowledge of or any opportunity to appear and present evidence. Therefore, there is no evidence of record in the administrative proceeding that supports such a

---

[1] These contentions either will likely have evidentiary support after a reasonable opportunity for further investigation or discovery *or* are based on belief or a lack of information.

finding.

11. Pursuant to the Remand Order issued by the Appeals Council, a hearing was scheduled before a different Administrative Law Judge to determine whether the Plaintiff was disabled as of February 2, 2011.  Although Plaintiff's was insured for disability insurance benefits through December 31, 2011, the Administrative Law Judge did not consider whether Plaintiff was disabled after February 2, 2011.  The redetermination hearing did not address the issue of fraud or similar fault, it was never adjudicated, and the Plaintiff has had no opportunity to defend this allegation by the Defendant.  Instead, the Administrative Law Judge abided by a blanket decision to accept the Office of Inspector General's allegation as a proven fact and disregard Dr. Ammisetty's report.

12. The Administrative Law Judge, upon hearing the case, denied Plaintiff's application for benefits via a decision dated April 21, 2016.  This decision stated that it would terminate Plaintiff's benefits and result in a potential overpayment liability by the Plaintiff for the period of disability.

13. Subsequently, Plaintiff appealed that decision to the Appeals Council, which summarily denied the request for review on September 7, 2016, exhausting all administrative appeals.

14. On October 25, 2016, the Defendant sent the Plaintiff a notice informing him that it would be stopping his disability benefits and he will no longer be entitled to Medicare insurance.

15. During the redetermination process, Plaintiff has learned through publicly available documents more about the Defendant's allegations of fraud.  The facts that the Defendant appears to rely on to justify redetermining Plaintiff's benefits were (or should have been) known to her, her predecessors, their subordinates, and the Social Security Administration's Office of

Inspector General as early as 2006.[2]

## COUNT I

16. The previous paragraphs are each incorporated.

17. The Defendant violated Plaintiff's due process rights under the Fifth Amendment of the U.S. Constitution. For example, it is unconstitutional to deprive the Plaintiff of the benefits that he has a legitimate claim of entitlement to based on unproven allegations in a secret document that he has not been able to contest before a neutral decisionmaker.

## COUNT II

18. The previous paragraphs are each incorporated.

19. The Defendant violated the Administrative Procedure Act's requirements of formal adjudication at 5 U.S.C. § 556(d)–(e). For example, the basis of the allegations of fraud has never been made part of the record and the Plaintiff has been deprived of an opportunity to present his defense.

## COUNT III

20. The previous paragraphs are each incorporated.

21. The Defendant violated the Social Security Act's requirements for hearings at 42 U.S.C. § 405(b)(1). For example, the Defendant has not made findings of fact with regard to the contested issue of fraud and has never set forth a discussion of the evidence or even adduced the evidence in the Plaintiff's hearing.

---

[2] These contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

## COUNT IV

22. The previous paragraphs are each incorporated.

23. The Defendant violated the Administrative Procedure Act's requirement at 5 U.S.C. § 554(d) that the adjudicator not "be responsible to or subject to the supervision or direction of an employee or agent engaged in the performance of investigative or prosecuting functions for an agency." For example, because the Office of Inspector General performs investigative functions, its conclusion that there is reason to believe that fraud or similar fault was involved in Plaintiff's application for benefits cannot legally direct the adjudicator's finding.

## COUNT V

24. The previous paragraphs are each incorporated.

25. The Defendant violated the Social Security Act's requirement at 42 U.S.C. § 405(u)(1)(A) that redetermination hearings be initiated "immediately" upon reason to believe that fraud or similar fault was involved. For example, the apparent basis of the "reason to believe" was known to Defendants' predecessors and their subordinates in 2006. Plaintiff is aware of no written statement from a prosecutor that would excuse such delay by the Defendant.

## COUNT VI

26. The previous paragraphs are each incorporated.

27. The defendant violated *res judicata* and the Social Security regulations reopening requirements at 20 C.F.R. §§ 404.987–88. For example, a decision can be reopened after four years from the date of the decision only if the Defendant proves it was actually obtained by fraud or similar fault (not just that the Defendant has "reason to believe.")

## COUNT VII

–5–

28. The previous paragraphs are each incorporated.

29. The defendant's decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and thus should be set aside under 5 U.S.C. § 706(2)(A). For example, the Defendant's avoided the procedural protections provided under the Act's civil penalties provision at 42 U.S.C. § 1320a-8 or the reopening provisions at 20 C.F.R. §§ 404.987–8 by terming this a "redetermination" proceeding. In addition, the Defendant's *post-hoc* position that the claimants' procedural rights depend on which branch of her agency determines the "reason to believe" that fraud or similar fault was involved is arbitrary and improper. *See* HALLEX I-1-3-25(C)(4)(a).

## COUNT VIII

30. The previous paragraphs are each incorporated.

31. The Defendant's decision is not supported by substantial evidence. As a factual matter, Plaintiff was disabled during the entire period in question, and continues to be.

WHEREFORE, the Plaintiff requests the following relief from this Court:

1. That a summons be issued directing the Defendant to appear before the Court;

2. That the Defendant be ordered to submit a certified copy of the transcript and record including evidence upon which the findings and decision are based;

3. That the decision of the Defendant be reviewed and set aside, that the Plaintiff be found to have been entitled to the period of disability;

4. That the decisions of the Defendant to subject the Plaintiff to the redetermination hearing and terminate Plaintiff's benefits be vacated for violating Plaintiff's rights under the
–6–

Constitution, statutes, or regulations;

     5.   That the Court grant such other relief as it deems just and proper.

                                   Respectfully submitted,

                                   /s/ Mary Varson Cromer
MARY VARSON CROMER
Virginia Bar Association #72861
APPALACHIAN CITIZENS' LAW CENTER
317 Main Street
Whitesburg, Kentucky 41858
(606) 633-3929
mary@appalachianlawcenter.org

/s/ Rachel E. Jones
RACHEL E. JONES
Virginia Bar Association #74117
SOUTHWEST VIRGINIA LEGAL AID SOCIETY
227 W. Cherry St.
Marion, Virginia 24354
rachel@svlas.org
*Counsel for Larry Kermit Taylor*